The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention for the court is now sitting. God save the United States and His Honorable Court. Be seated. Well, welcome, everyone, to the Richmond Fourth Circuit Court of Appeals. Today, we have four interesting cases. And the first one is United States v. Ogle. And Mr. Strobel of Charleston, West Virginia, good to have you with us, sir. Thank you, Your Honor. Right ahead. Thank you. May it please the court. My name is Paul Strobel, and I represent the appellant in this matter, Bryan Ogle. This case deals with the issue of whether the district court erred in applying sentencing enhancement pursuant to the Armed Career Criminal Act at Mr. Ogle's sentencing. Today, I will lay out why the district court erred in applying a sentencing enhancement pursuant to the Armed Career Criminal Act by showing that the Tennessee Aggravated Assault Statute is not a violent felony under the Armed Career Criminal Act and that the district court erred in its most innocent conduct analysis. For these reasons, the decision of the district court should be reversed, and this case should be remanded for reset. In order to qualify for an enhancement under the Armed Career Criminal Act, a defendant must have at least three prior convictions for either a violent felony, a serious drug offense, or both, and those three convictions must have been committed on separate occasions. The present case focuses on whether Mr. Ogle's prior conviction of Tennessee aggravated assault constitutes a violent felony under the Armed Career Criminal Act. Aggravated assault is not an enumerated felony or is not an enumerated offense under the Armed Career Criminal Act and, therefore, can only qualify as a violent felony if it satisfies the requirements of the elements for force clause. Let me ask you, are we all in agreement modified categorical approach applies here? Yes, Your Honor. And so you look at his statute, and maybe I'm looking at it oversimplistically, but that particular offense, the felony, the Tennessee aggregated assault, and this particular one involved the use or display of a deadly weapon, and so when you're looking at a modified categorical approach, you're looking at that particular section there, section A, which is annoyingly commits an assault involved with the use or display of a deadly weapon. Case law is pretty solid on that one, isn't it? Against you, don't you think? Well, to address that, I would say we have to look at the entirety of the statute. There are three elements that make up aggravated assault in Tennessee. The first is mens rea, which is divisible, and so for this case, we know what we're looking at. It's going to be knowingly because that's what was pled in the indictment. The second is simple assault, which is just the simple assault definition under Tennessee statute. And third, as you pointed out, it can be any of the enumerated offenses under Roman numerals one through four. Again, that's divisible, and so we know that we're dealing with involved the use or display of a deadly weapon. But the question that is presented in front of the court here today is whether someone can knowingly use or display a deadly weapon and commit assault that under the simple assault statute does not meet the requirements of the force clause. Looking at the simple assault statute, there are three different means or ways that that statute can be fulfilled. Our position is that the most innocent conduct under that statute is intentionally or knowingly caused physical contact with another, and a reasonable person would regard that contact as extremely offensive or provocative. So what we're saying here is the court must use the most innocent conduct analysis to look at that element in conjunction with the other two elements that I already laid out, and determine whether or not that meets the definition of a crime of violence under the force clause. So it's something like displaying a deadly weapon in the course of knowingly causing extremely offensive physical contact. Can I say that again? We put all the elements together. Yes, yes. Displaying a deadly weapon in the course of knowingly causing an extremely offensive physical contact. Is that fair? Yes, that is fair. And Judge Winn has said the displaying a deadly weapon part under the case law is pretty bad for you. I would agree that it certainly isn't helpful for a case. However, I do think there's a distinction to be made when you say, can someone display or use a deadly weapon? And the minimum force required, it does not have to constitute a violent felony under the force clause. Again, so if we take a look at what the definition of violent force is in the Fourth Circuit, it's force that must be capable of causing physical pain or injury to another person. The Fourth Circuit has stated that physical force under the Armed Career Criminal Act's force clause must be both physical and violent. And the minimum physical force, such as mere offensive touching, is insufficient to trigger the Armed Career Criminal Act's force clause because it is not violent. So what we posit in this case is we have an incident where two vehicles end up running into each other. In this case, the only deadly weapon that is used or displayed is a vehicle. The next thing we have to look at is. But he intentionally used the vehicle. He did. There's no dispute about it. It was a weapon. There's no dispute about the mens rea or the Roman numeral, which applies, which he did. So you admit that recklessly is not a part of this? Unfortunately, it is not. But yes, based on the indictment in this case and what he pled to, it does make clear that it was intentional. So we do know it was intentional. And he used or displayed a deadly weapon. But again, the only thing is intentional and knowingly. Or either or. Yes. Yes. Again. Recklessly is not a part of it. Under my reading of this statute and how it is divisible, again, my understanding is the first element is divisible. And so the court can look at a limited set of documents, shepherd documents, to determine which version of this crime that Mr. Ogle was convicted. And again. But the mens rea element was knowingly and intentional. Yes, Your Honor. And again, our fight here today really isn't about the first or third elements. Again, those are divisible. And we can't change those. What we're looking at is the second element, which all falls under just the simple assault statute of Tennessee. And again, our position is that extremely offensive or provocative conduct does not meet the definition of violent force that the Fourth Circuit has asserted again and again under the Armed Career Criminal Act. To continue on about what happened here is we have two vehicles that did collide. Again, the vehicle is the deadly weapon in this case. Mr. Ogle did it intentionally. However, what we have is the individual in the other vehicle was not injured. He sustained no injuries. So our argument is that you can be involved in a wreck or an accident. And that physical force is certainly extremely offensive or provocative. I don't think anyone would say, if you get into a wreck, that's not at least offensive conduct. But does that offensive conduct rise to the level of violent force under the force clause under the Armed Career Criminal Act? So your problem is that bumping someone with a ton of vehicle in an extremely offensive or provocative manner, there's a lot of authorities say that's sufficient to be violent force. And so when you look at the overwhelming authority on this, it seems to point that this deadly weapon element in an intentional conduct situation creates this violent element. Do you have any cases that go the other way? I would disagree that there's a multitude of cases that point to hitting someone with your vehicle automatically constitutes as violent force under the Armed Career Criminal Act. And again, under this statute, this court has said and other courts have said, we don't want a perfect idea or simulation of what could happen in the case. So we have to draw from relevant case law. What about the ninth and sixth cases from those cases? Are they persuasive for us, the Rez Sullivan case and Holland case? Certainly. I would argue that both those cases are not persuasive here. The Prez Sullivan case is distinguishable because the Ninth Circuit held that they have previous case law that says even the least touching with a deadly weapon when there's a deadly weapon involved constitutes a violent crime or a violent felony. I don't think the Fourth Circuit has any similar case law where it says if you brandish or use a violent weapon, even with the least amount of force possible, that automatically constitutes as a violent felony. And that's what the question here today is. Is there a crime where you can use or display a deadly weapon and use a minimal amount of force that does not meet the force clause of the Armed Career Criminal Act? And again, I think our best and really our only example is this case here today. If you take a look at what happened in Mr. Ogle's case, again, you have what could, it's just two vehicles that hit each other. There's no injury. There's no physical force. There's no violent force that was involved. And so for those reasons, we don't believe it rises to that level. To get back to your question, I also believe the Sixth Circuit analysis is incorrect. In the braiding case, the court there didn't even do the most innocent conduct analysis. And they went through the specific violations that the defendant had, which is not how this approach is supposed to be done. And then in Hollum, the court posits they do the correct analysis. And I would encourage this court to follow that analysis. But where they lose it is they say, there's no perfect scenario where this exists. And our point here today is, well, we found one. And the reason it's so hard to prove these cases is because if you look at what we have to draw from as defense counsel, almost every case now is done away with by a plea. Very few cases go to trial. Very few cases are tried. So the records that we have to go through are minimal and often not even kept. So what we have is a defendant who, at the lower court, pled to what is aggravated assault, which I think is Did you represent this fellow in the district court? I did, Your Honor. So you've been in this case all along. Why'd you give up the categorical approach so quick? Your Honor, when looking at the categorical approach, the first thing we look at is, Well, I don't know. Well, how'd you give it up so quick? The Tennessee Supreme Court talks about this mens rea as being an element, one of three elements. Correct, Your Honor. Right? That sounds like it's singular. Right? And you can commit that first element, mens rea element, under the Tennessee statute recklessly. And you gave that up. That is correct, Your Honor. And I did raise that at the lower level because my first reading of the statute is that it's inherently contradictory. Because one, it says you have to intentionally or knowingly do something. But at the same time, one of the elements that you cannot get rid of is that it can also be done recklessly. So I certainly understand the court's point and think it makes a valid point. And very strongly, if you could have gone there. But I understand it to some degree, you've got three different punishments here under the statute for these different mens rea. So it's very difficult to categorize it just as one of the bellicose categorical. I agree. And I think the other thing we have to look at is the case of State of Tennessee versus Hammonds. And I think that's an important case. Yeah, Hammonds is what I was talking about. Yeah, and I think that's an important case. They talk about mens rea in the singular. Absolutely. And we're supposed to give deference to these state courts. They are. And what they say is. You'd have a better argument by trying to say it's a categorical approach. But then you'd have to get around the question of punishment, as Judge Wynn said. Right, and that's why I think that approach failed. And I thought our best approach, and the approach that actually can be successful, is to look, again, at that second element. We're still looking at the simple assault definition in Tennessee. Well, I know you're talking about the second element, and I'm talking about the first element. Yes, yes. We're on different channels. No, I certainly understand what the court is saying. And I'm saying if the court goes down that route, I agree. And you've got some cases against you. There's a well-written case in the Ninth Circuit and one in the Sixth Circuit that are dead set against you. They say that the mens rea element characterization by Hammonds doesn't mean what it says. But these are courts of appeals saying the Supreme Court of Tennessee doesn't know what it's talking about. But anyway, if you want to give it up, you can give it up. Certainly, I think if the court thinks that there's validity there, then we would certainly assert and agree with the court that there is a serious issue in saying that it can, at one time, be intentional, at the same time, be reckless. I mean, that doesn't make sense. And as the United States Supreme Court just pointed out in Borden, if something is reckless, then They were dealing with the very same statute. They were. They were talking about the difference between those what's talked about the first element, knowingly, intentionally, or recklessly. Correct. If it's recklessly, it can't be a crime of violence. And they held that if it is reckless, it cannot be held as a crime of violence. And so again, if this court is persuaded by that argument, then certainly, this would not count as a violent felony under the Armed Career Criminal Act, because the Supreme Court of the United States has held that if the mens rea is reckless, it does not constitute as a crime of violence. But again, I still think our argument is able to prevail on just that minimum conduct. It's either extremely offensive or provocative. And that is not enough to meet violent force under the Armed Career Criminal Act. I see my time has expired. Thank you. You've saved some time, Mr. Strobel, for a rebuttal. Mr. Wolfe, are you going to tell us about the government's position? Thank you, Your Honor. May it please the court, my name is Jeremy Wolfe. I'm an assistant United States attorney for the Southern District of West Virginia. I'm here on behalf of the United States in this case, arguing that the statute in question is a divisible statute, that the minimum conduct punishable under the elements of the defendant's conviction satisfy the force clause as a threatened use of violent physical force. No reading of it would render it a categorical approach we should make in light of the Tennessee Supreme Court's treatment of mens rea? Your Honor, the Hammons decision is an important one in this case, because it talks about the statute in question. But the aggravated assault statute in Tennessee sets forth multiple distinct crimes based on the alternative element of mens rea. The Borden opinion deals with the reckless variant of aggravated assault. And the Borden opinion- Do you think mens rea, then, is a plural term as used by the Supreme Court of Tennessee? Yes, Your Honor. But they use it in the singular. They put a number one in front of it. Then they go to the second element, they put a number two. They say one mens rea, two words, Latin words. Then they go to number two. So you say, even though they say mens rea, that means multiple. Yes, Your Honor. And there are multiple different mens rea that a prosecutor can choose from under the statute. The statute at the time of Borden's conviction and the statute at the time of this defendant's conviction are a little different. They're re-numbered, re-lettered. But they each set forth a separate crime for reckless aggravated assault, a separate crime for knowing or intentional aggravated assault. And the reason I say that, reckless aggravated assault carries a different penalty from knowing an intentional aggravated assault. We know from Supreme Court case law that if there's an alternative element that alters the potential penalties, then it has to be alleged and it has to be found by a jury beyond a reasonable doubt. The Supreme Court in Borden recognized this. One of the footnotes, footnote eight, the Supreme Court recognized that there's a different penalty for reckless aggravated assault as compared to knowing or intentional aggravated assault. I think they call it purposeful aggravated assault, but different penalties. And so that has to be alleged and it has to be proven. Mr. Strobel discussed the instant case being an example of his formulation of most innocent conduct. I would submit that it's not. The charging document in Mr. Oval's prior aggravated assault conviction actually does allege the variant of simple assault involved in the conviction. And that being that he caused the deputy to reasonably fear imminent bodily injury. And so it wasn't a extremely offensive or provocative physical contact. The minimum conduct analysis when it comes to this case is complicated a bit by State versus Tate, a decision that came down from Tennessee's Intermediate Appellate Court. And it appears to be the first and most recent word on this issue from either the Intermediate Appellate Court or the Supreme Court of Tennessee. And it talks about what is aggravated assault in the context of a motor vehicle serving as a deadly weapon. And so the Tate decision talks about not only what you have to allege, it talks about what you have to prove to get an aggravated assault conviction when a motor vehicle is used as the deadly weapon. And the court in Tate says that there are only two ways to prove when a defendant in Tennessee knowingly or intentionally uses a motor vehicle as a deadly weapon, only two ways to prove the underlying assault. That being causing bodily injury or an act that causes another to reasonably fear imminent bodily injury. So what Tate does, it takes Mr. Strobel's minimum conduct theory off the table, because that's a general statement from Tennessee's Intermediate Appellate Court. It's not been overturned by the Supreme Court. The case was cited in Hammonds, but for a different proposition, cited favorably by the Supreme Court in Hammonds on a different point. And so really what Tate does, it creates two different versions of what the minimum conduct could be. If there's a motor vehicle involved, then the minimum conduct is knowingly committing an assault by an act that puts another in fear of, reasonably in fear of imminent bodily injury involving the use of motor vehicle, or knowingly causing extremely offensive or provocative contact, physical contact, involving the display of a deadly weapon other than a motor vehicle. Why does the type of deadly weapon used matter for our analysis? Even if we're in a modified categorical approach, it's still categorical. You're not suggesting that this statute is divisible by the weapon used, are you? I am not, Your Honor. Even, I'm only suggesting the modified categorical approach only goes so far as to tell us that the mens rea is knowingly, and that the aggravating element, the third element or the aggravating factor, whatever you want to call it, is the use or display of a deadly weapon. I'm not suggesting that it goes farther than that and allows us to look at the charging documents and judgment documents to see exactly what weapon is used. But I bring up the Tate case because it directly meets what Mr. Strobel was saying, is the minimum conduct punished under the statute. It's a simple statement that a common law assault accompanied by the use of a deadly weapon is in and of itself, it is a violent felony. I believe that's true, Your Honor. And the example given by the- The example, that's all it is. That's all it is, a common law assault, deadly weapon, violent felony. What else do you need? I agree, Your Honor. If you commit a common law assault- For an unaligned reason, that's why that is so. I mean, the cases are pretty much clear there. We've got the Bryant case here to deal with it. But it's a difficult situation once you get those two things together. As Judge Rushin said, character of the weapon shouldn't matter. It shouldn't, Your Honor. It's a deadly weapon, deadly weapon under Tennessee law. I defined it in my brief, but essentially it has to be designed, made, adapted, or in the manner of its use or intended use, capable of inflicting serious bodily injury or death. You're saying you can commit that recklessly as well as knowingly? I'm sorry, Your Honor? And you can commit that assault recklessly as well as knowingly and intensely and at the crime of violence? No, it has to be committed with a mens rea greater than recklessness. And we know that it was- The mens rea has to be intentional and knowingly. Correct, Your Honor. It can't be reckless. That's right. Yes, Your Honor. And the statute says in B that you can recklessly commit an assault involving the use or display of a deadly weapon. A conviction- So that part of the statute wouldn't be a crime of violence. And Your Honor, I agree. If the Tennessee aggravated assault- That is true, isn't it? What Judge King just said. It is, Your Honor. In other words, he's saying, if you're looking at recklessness and a weapon, that doesn't do it. It has to be, your statement says it has to be intentional and knowing to get there. Correct, Your Honor. And I agree that if this statute- Well, why wouldn't the minimal conduct have to involve reckless conduct? The modified categorical approach shows us that the defendants, the elements of the defendant's conviction involve at least a knowingly that the assault was committed knowing. Well, how do you get to the modified categorical approach if the statute on the face of it talks about recklessness? It does, Your Honor. And the statute- And the conviction order here, what it says, aggravated assault. And the statute in question says- And you can commit aggravated assault under the Tennessee statute recklessly, right there on the statute. And the- The statute said for- Well, the conviction order says aggravated assault. And the information that he pled to, the elements that he admitted to from the information showed that- Well, you gotta get to the modified categorical approach to look at all that. That's correct, Your Honor. And the statute in question, the aggravated assault statute, sets forth more than one crime. And that's the issue here. Reckless aggravated assault on one hand, and the Supreme Court in Borden actually refers to it as reckless aggravated assault. That's just a simple answer. Simple answer is one is a Class C phone, the other is a Class D phone, different penalties. And you've got Apprendi and Mathis in the discussion. Correct, Your Honor. And the footnote in Borden footnote eight recognizes the difference in penalties. And actually, the Borden opinion also recognizes that- But to get to where you're going, then you gotta look to, you gotta get to the penalties. Correct, Your Honor. You gotta get to the modified categorical approach, and then you gotta look to the penalties. Isn't that right? Agreed. That's the logic of getting to it. So you see that the statute sets forth multiple offenses, one of which doesn't qualify reckless aggravated assault, one of which would, knowing our intentional aggravated assault. And so you need to go to the modified categorical approach to figure out what elements were- Once you get to the modified categorical approach, your position's correct. It's fixed, right? The only way that Ogle can prevail here is if he's in some way keep this with the categorical approach. I believe that's correct, Your Honor. And establish that the mens rea is singular, right? That these alternative terms, intentionally, knowingly, and reckless, are means rather than elements. That's what the cases talk about. Are they elements where they have the ors in them, or are they means, M-E-A-N-S? And the only way that Ogle can come out ahead is if he can convince us that the law supports the proposition that these are means. Agreed, Your Honor. And I think Borden, at that point, if the statute's indivisible, at that point, we're within the ambit of Borden. But since we have an indivisible statute, we don't. Those two had the same punishment. Would we have a different conversation? I think it'd be a harder conversation. The statute's- I think it's an easy conversation. It's a different conversation altogether, not just harder. If both of those had the same punishment, classified maybe as the same offenses, I don't know if the classification would make a difference. It seems quite clear to me, following Judge King's statements, which I think are correct on that line, this would be, we'd be talking categorical, wouldn't we? Well, Your Honor, I think at that point, we'd have to dig in a little bit deeper as to how the offense is generally pled and how the jury instructions work in Tennessee. I don't think we really need to get there because the penalties are clearly different. And so, on the surface, different penalties, disjunctively phrased statute, it's divisible. Yeah, I was just asking a hypothetical. That's not the case. And I agree, Your Honor. It would be a much longer conversation if it had the same penalties. But if there are no further questions, I would simply ask the court to affirm the district court's decision that the elements of the defendant's aggravated assault conviction, as determined, properly determined, by the modified categorical approach, satisfy the force clause of the Armed Criminal Act and thus properly classified as a violent felony and would ask the court to affirm the district court's sentence. Thank you, Mr. Wolf. Mr. Strobel? Thank you, Your Honor. To address a number of things that the government pointed out, I'd quickly like to address the Tate decision. It's my position that Tate does not limit or change the Tennessee aggravated assault statute. That was a decision by Criminal Court of Appeals in Tennessee. And again, I would rely on the case of Tennessee, the state of Tennessee versus Hammonds, because that case makes it clear that any time aggravated assault is pled, the government can meet the second element by any of the three means listed under Tennessee civil assault. So I don't think that case can be held, I don't think Tate can be held to limit, and I don't think it's appropriate to state that because of motor vehicles involved, this case should be looked at differently than any other case under Tennessee aggravated assault. To follow up on a point you were making, Judge King, again, that's not the route that we were taking, but if this court does read Hammonds as the mens rea singular, and the statute is not divisible, then this court would have the authority to use the categorical approach instead of the modified categorical approach. Except Hammond didn't even talk about reckless assault in any way. He was dealing with statutory subsection for intentional annoying assault. And again, that's if this court finds that Hammonds reads that, it would have authority to do that. I'm not here to argue that Hammonds states that because I think the more clear argument, again- You're not here to argue what? My main, I apologize. My main argument is that under Hammonds, if you look at the elements or the means that make up simple assault, if you look at the least violent force that can qualify- Well, Hammond dealt with aggravated assault. It assigned those three elements that said for aggravated assault. Correct. Number one, mens rea. Correct. Then it went to number two. Correct. And what I was trying to point out, again, if it holds that mens rea is not divisible, it's not a divisible element, then this court would have the authority to find- Well, we would have the authority, but we gotta figure out what the law is. You're supposed to be out here helping us, making an argument as to what the right position is. Yes, Your Honor. And I understand that- You sound like you want us to be your law clerk or something. Of course not. And again, that's why I keep coming back to, if you look at the second element, I think that's the easiest way to prevail in this case, because what you have is, does extremely offensive or provocative conduct rise to the level of violent force under the Armed Career Criminal Act? And I posit that it does not. Again, and the government cited a similar scenario in its brief. Let's say you're sitting in a crowded parking lot. Well, counsel, I mean, of course it doesn't, but that's why assault doesn't qualify as a violent felony. The question here is, does the addition of a deadly weapon take it into that category? We have cases where robbery was not a violent felony, but the addition of a deadly weapon made it a violent felony. So you need to tell us why the addition of the deadly weapon doesn't change the category. Certainly. And I guess what I'm trying to show here is that there are scenarios where you can have a deadly weapon like a motor vehicle, and it does not rise to a level of violent crime, because you can have, let's say it's a fender bender. You're sitting in a crowded parking lot. Someone cuts you off or takes your spot. You get angry and you decide to strike them with your vehicle. They don't have to fear imminent bodily harm because they may not even see it coming. They don't have to receive any bodily injury. It might just be a fender bender. And the only thing that happens is they're offended. They're extremely offended or provoked. Again, that would qualify under Tennessee Aggravated Assault as Tennessee Aggravated Assault, and that someone could be convicted under that set of circumstances. Again, I'm saying here today, if that's the case, that does not rise to a violent felony under the Armed Career Criminal Act as defined by the United States Supreme Court or the Fourth Circuit. But if you all don't have any further questions, I see we're running out of time again. I would just ask that the court find that the district court erred in applying the enhanced sentence under the Armed Career Criminal Act to reverse that sentence and to remand it for re-sentence. Thank you. Thank you, Mr. Strobel. We appreciate both arguments. Your appeal will be taken under advisement. With that, you're free to go and we'll call the next case, Madam Clerk.
judges: Robert B. King, James Andrew Wynn, Allison J. Rushing